UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH RODRIGUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-875** |
| **TAYLOR-SEIDENBACH, INC., ET AL** | **SECTION: "P" (1)** |

### ORDER AND REASONS

Before the Court is an unopposed Motion for Summary Judgment (R. Doc. 70) filed by Defendant, Louisiana Insurance Guaranty Association ("LIGA"). Having considered the motion, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

**I.   BACKGROUND**

Plaintiff Keith Rodriguez filed the instant lawsuit against numerous defendants alleging that he contracted asbestos-related lung cancer caused by his exposure to asbestos through his own employment and as a result of his father's employment.[1] LIGA was sued as the alleged statutory obligor for policies issued by Centennial Insurance Company to Gretna Machine & Iron Works, LLC and its executive officers.[2] LIGA now moves for summary judgment, arguing that Plaintiff's claims were not filed within the time period required by law, and thus, they are not "covered claims" for which LIGA is liable under La. Rev. Stat. § 22:2051, *et seq*.[3] Plaintiff has not filed any opposition to LIGA's motion.

**II.   LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "When assessing

---

[1] R. Doc. 1-2.
[2] R. Doc. 1-2 at 1.
[3] R. Docs. 70, 70-1.
[4] FED. R. CIV. P. 56(a); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[5] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[6] "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."[7]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[8] "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[9]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[10] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing a genuine issue of fact exists.[11] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.[12]

---

[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[6] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *See also Little*, 37 F.3d at 1075.
[7] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).
[8] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[9] *Id.* at 1265.
[10] *See Celotex*, 477 U.S. at 325.
[11] *See id.* at 324.
[12] *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed.[13] Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law.[14] When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed.[15] Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment.[16]

### III.    LAW AND ANALYSIS

LIGA is a statutorily created entity, governed by the Louisiana Insurance Guaranty Association Law ("LIGA Law"), La. Rev. Stat. § 22:2051, *et seq*.[17] LIGA Law was created, in relevant part, for the purpose of providing "for the payment of *covered claims* under certain insurance policies . . . due to the insolvency of an insurer."[18] Thus, when an insurer is determined to be insolvent, LIGA is "obliged to pay covered claims,"[19] and "to the extent of its obligation on the covered claims," LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."[20]

"Covered claim" is a defined term under LIGA Law and includes unpaid claims that arise out of and are within the coverage and applicable limits of an insurance policy issued by an insurer that subsequently becomes insolvent.[21] However, the law also provides certain limitations on those

---

element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).
[13] *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases).
[14] *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995).
[15] *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).
[16] *Hetzel*, 50 F.3d at 362 n.3.
[17] La. Rev. Stat. § 22:2056.
[18] *Id.* § 22:2052 (emphasis added).
[19] *Id.* § 22:2058(A)(1)(a).
[20] *Id.* § 22:2058(A)(2).
[21] *Id.* § 22:2055(6).

claims that would otherwise be considered "covered claims." In particular, La. Rev. Stat. § 22:2058(A)(1)(c)(i) explicitly states:

> Notwithstanding any other provision of this Part, a "covered claim" shall not include a claim filed with the association after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer.

In summary, LIGA's payment obligation extends only to covered claims. Regardless of whether a claim otherwise meets the definition of a "covered claim" under La. Rev. Stat. § 22:2055(6), if the claim is filed after the date provided for in La. Rev. Stat. § 22:2058(A)(1)(c)(i), it is not a "covered claim," and thus, LIGA is not obliged to provide payment on the claim. Here, LIGA's undisputed evidence reveals that Plaintiff's claims against LIGA arising from the insolvency of Centennial Insurance Company were untimely under LIGA Law, and thus, LIGA owes no obligation to Plaintiff.

The two dates relevant to determining the statutory filing deadline under La. Rev. Stat. § 22:2058(A)(1)(c)(i) are the date of the order of liquidation and the final date set by the domiciliary court for the filing of claims against the liquidator.[22] With respect to Centennial Insurance Company, the Order of Liquidation was issued on April 27, 2011,[23] and the final date set by the domiciliary court for the filing of claims against the liquidator was December 15, 2013.[24] Accordingly, the statutory deadline for Plaintiff to file his claims against LIGA in this matter was December 15, 2013, because it is "*the earlier of* five years after the date of the order of

---

[22] *Id.* § 22:2058(A)(1)(c)(i); *Brazan v. Lamorak Ins. Co.*, No. 2018-C-0609, pp. 2–3 (La. App. 4 Cir. 7/23/18).
[23] R. Doc. 70-7.
[24] R. Doc. 70-8.

4

liquidation"—here, April 27, 2016—"or the final date set by the domiciliary court for the filing of claims against the liquidator"—here, December 15, 2013.[25]

Plaintiff filed this lawsuit on January 12, 2023, and LIGA first received notice of Plaintiff's claims on February 6, 2023.[26] Regardless of which date applies, both fall after the December 15, 2023 deadline provided for in La. Rev. Stat. § 22:2058(A)(1)(c)(i). Consequently, Plaintiff's claims are not "covered claims" for which LIGA is liable under the law, and LIGA is entitled to summary judgment in its favor.[27]

## IV.   CONCLUSION

For the foregoing reasons, LIGA's Motion for Summary Judgment (R. Doc. 70) is **GRANTED**. Plaintiff's claims against LIGA are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 8th day of February 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[25] *See* La. Rev. Stat. § 22:2058(A)(1)(c)(i) (emphasis added).
[26] R. Doc. 70-3.
[27] *See Matherne v. Huntington Ingalls, Inc.*, No. 22-2656, 2022 WL 16529543, at *3 (E. D. La. Oct. 28, 2022) ("[I]t is well settled that claims arising after the claim bar date are not covered claims for which LIGA is obligated to pay.").